

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD–1532–07

**RODGER LOU GRISSAM, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### HOOD COUNTY

**Meyers, J., filed a dissenting opinion.**

### DISSENTING OPINION

The jury in this case was asked to vote on only one crime in the application paragraph of the jury charge-entering a habitation and attempting to commit or committing theft. And, the court of appeals has already said that the evidence was not sufficient to support that conviction. The majority now sends this case back to the court of appeals to consider the sufficiency of a crime that was not presented to the jury in the application paragraph. I'm having a hard time figuring out why the court of appeals

should review an offense that was not even presented to or considered by the jury.

The majority has decided to address this case by remanding it to the court of appeals for a sufficiency analysis under *Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997). From my understanding of the facts in this case, it seems that the defendant was indicted for two separate offenses, but the jury charge allowed a conviction for only one offense. Because the Court is sending the case back under *Malik*, the court of appeals is now required to consider the sufficiency of the evidence under a hypothetically correct jury charge, which would include both alleged crimes. The court of appeals has already ruled that the evidence against the defendant is insufficient as to one crime, so I presume that their only task is to see if the evidence is sufficient to show that the defendant entered the building with intent to commit theft. *Grissam v. State*, No. 2-05-422-CR (Tex. App.–Fort Worth August 24, 2007) (not designated for publication), 2007 Tex. App. LEXIS 6843 at *11.

In my opinion, this case is similar to a situation in which there is a lesser included offense. However, in the context of a lesser included offense, when, on appellate review, the evidence to support a conviction for a greater offense is insufficient, then the court of appeals can reform a conviction to a lesser offense only if the lesser included offense was presented to the jury. *See Haynes v. State*, 2008 Tex. Crim. App. LEXIS 569 at *8. I think we should deal with this case in the same way. Because the jury was not asked in the application paragraph to consider whether the defendant entered the building with

intent to commit theft, the court of appeals did not err in failing to consider the sufficiency of this offense. It is not correct to include in a hypothetically correct jury charge a theory that was not presented to the jury.

I would also like to point out that the State asked us to review the court of appeals' sufficiency analysis as to the only theory it was presented with–it did not ask us to review the theory of the crime that was not presented to the jury.

Because I agree with the court of appeals that the evidence was insufficient to show that Appellant was guilty of attempting to commit or committing theft, and the offense of entering a habitation with intent to commit theft was not considered by the jury, I would affirm the court of appeals. Therefore, I respectfully dissent.

Meyers, J.

Filed: September 10, 2008

Publish